UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DALE HOLSEY,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | No. 2:19-cv-02485 GGH P<br><br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

    Petitioner's in forma pauperis application does not make the showing required by 28 U.S.C. § 1915(a)(1). Petitioner has failed to complete the entire first page of the application. See ECF No. 2 at 1. Accordingly, petitioner will be afforded another opportunity to renew the in forma pauperis application in proper form.

    Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally,

1

the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

It appears petitioner seeks to challenge his 2011 conviction in Placer County Superior Court for failing to update his annual sexual offender registration with two prior strikes. For his grounds for relief, petitioner alleges 1) his conviction is "unconstitutional," 2) "fact partial retardation," 3) "10th year down," and 4) "new laws." ECF No. 1 at 5-10. It is unclear from the petition the federal claims and relief petitioner seeks to raise. Nor which "new laws" petitioner is alleging apply to him. In its present form, the petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

Moreover, review of the court's records reveals that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was filed on May 15, 2013 and was denied on the merits on September 30, 2015. See Holsey v. Knipp, 2:13-cv-00962-KJM-GGH. If petitioner is seeking to attack once again the conviction and sentence previously challenged, before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3). However, before the undersigned recommends dismissal of the pending petition as successive, petitioner will be granted an opportunity to amend his petition in compliance with the court's instructions.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal with all entries on the form completed.

2. Petitioner is granted thirty days from the date of this order to renew the in forma pauperis application in proper form, or to pay the filing fee. Petitioner is cautioned that failure to
////

timely renew the in forma pauperis in proper form, or to pay the filing fee, may result in a recommendation that this action be dismissed.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

Dated: January 3, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.